Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000829
19-SEP-2013
08:35 AM

NO. CAAP-12-0000829

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee, v.
STANLEY RICHARD BENTO, JR., Defendant-Appellant


APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CR. NO. 11-1-0239)

SUMMARY DISPOSITION ORDER
(Leonard, Presiding Judge, Reifurth and Ginoza, JJ.)

Defendant-Appellant Stanley Richard Bento, Jr. (Bento), appeals from an August 13, 2012 judgment of the Circuit Court of the Third Circuit (Circuit Court).[1] At the conclusion of a jury trial, Bento was found guilty of one count of Theft of Copper, in violation of Hawaii Revised Statutes (HRS) 708-835.7 (Supp. 2012).[2]

Bento raises two points of error on appeal, arguing that: (1) the prosecution committed prosecutorial misconduct that unduly prejudiced the jury's verdict against Bento; and (2) Bento received ineffective assistance of counsel because his attorney did not properly object to the testimony of witness Albert Maldonado, a police custodian of evidence.

---

[1] The Honorable Glenn S. Hara presided.

[2] HRS § 708-835.7 provides in relevant part: "A person commits the offense of theft of copper if the person commits theft of copper that weighs a pound or more, but not including legal tender of the United States."

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Bento's points of error as follows:

(1) When an appellant alleges prosecutorial misconduct, this Court must decide: "(1) whether the conduct was improper; (2) if the conduct was improper, whether the misconduct was harmless beyond a reasonable doubt; and (3) if the misconduct was not harmless, whether the misconduct was so egregious as to bar reprosecution." State v. Maluia, 107 Hawai'i 20, 26, 108 P.3d 974, 980 (2005).

Here, Bento argues that the prosecutor's actions in conjunction with introducing and laying a foundation for demonstrative evidence were unnecessary, unduly dramatic, and constituted prosecutorial misconduct. However, whether or not to permit demonstrative evidence is entirely within the sound discretion of the trial court. State v. Espiritu, 117 Hawai'i 127, 139, 176 P.3d 885, 897 (2008) (citing Monlux v. General Motors Corp., 68 Haw. 358, 363, 714 P.2d 930, 933 (1986)). Bento cites no authority contrary to the proposition that the prosecutor was required to lay a foundation to authenticate the evidence introduced. Rule 901(a) of the Hawaii Rules of Evidence (HRE) notes that "[t]he requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." While the prosecutor's presentation may have been conducted in a manner (arguably) intended to focus and maintain the jury's attention and interest, and was somewhat drawn out - in part due to defense counsel's objections - there is nothing in the record to support Bento's contention that it was improper.

(2) To establish ineffective assistance of counsel, an appellant must meet the following two-part test: "1) that there

were specific errors or omissions reflecting counsel's lack of skill, judgment, or diligence; and 2) that such errors or omissions resulted in either the withdrawal or substantial impairment of a potentially meritorious defense." State v. Metcalfe, 129 Hawai'i 206, 222, 297 P.3d 1062, 1078 (2013) (citations, internal quotations marks and footnotes omitted).

Bento contends that defense counsel was ineffective because she should have requested an offer of proof prior to the testimony regarding the chain of custody of the demonstrative evidence and she should have raised an objection to the prosecutor's detailed foundation questions, rather than trying to establish a break in the chain of custody. Here, the prosecutor properly introduced Exhibit 114 as demonstrative evidence of the type of copper pipe Bento had allegedly stolen. Defense counsel properly objected to two instances where the prosecutor failed to lay a sufficient foundation for the testimony of the evidence custodian. However, as introduction of the demonstrative evidence was within the discretion of the trial court, Espiritu, 117 Hawai'i at 139, 176 P.3d at 897, Bento has not pointed to any errors or omissions of defense counsel during the trial proceedings that reflected counsel's lack of skill, judgment, or diligence. Indeed, defense counsel's decision concerning how to approach the admissibility of this particular piece of evidence constituted a legitimate tactical choice. "Defense counsel's tactical decisions at trial generally will not be questioned by a reviewing court." State v. Antone, 62 Haw. 346, 352, 615 P.2d 101, 106 (1980) (citation omitted).

> Lawyers require and are permitted broad latitude to make on-the-spot strategic choices in the course of trying a case. A defense attorney's freedom to make such decisions, however, is not without limits. Where trial counsel makes a critical tactical decision which would not be made by diligent, ordinarily prudent lawyers in criminal cases, the right to effective assistance of counsel may be denied.

Id. (citations omitted). While a different lawyer might have employed a different tactic here, Bento fails to show that his

3

lawyer's strategy was imprudent or inattentive, or even that this particular episode constituted a "critical tactical decision".

Finally, Bento has not demonstrated that a potentially meritorious defense was impaired or withdrawn through his counsel's alleged lack of skill, judgment, or diligence. Here, the jury was informed that the trial would likely take one week; it ultimately took four days, even with the "lengthy" examination of the evidence custodian. As such, Bento has not shown substantial and prejudicial delay as argued on appeal.

Accordingly, the Circuit Court's August 13, 2012 Judgment of Conviction is affirmed.

DATED: Honolulu, Hawai'i, September 19, 2013.

On the briefs:

Lionel M. Riley
Al Thompson
for Defendant-Appellant

Andrew D. Son
Deputy Prosecuting Attorney
County of Hawai'i
for Plaintiff-Appellee

Presiding Judge

Associate Judge

Associate Judge